FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 06, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEATHER B., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 4:20-CV-05228-JAG <br><br><br> ORDER GRANTING <br> DEFENDANT'S MOTION <br> FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 19, 20. Attorney Chad Hatfield represents Heather B. (Plaintiff); Special Assistant United States Attorney Benjamin Groebner represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

## I.     JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on January 11, 2018, alleging disability since February 2, 2017, due to low back pain, fatigue, insomnia, headaches, fibromyalgia, Ehlers-Danlos syndrome, left leg injury, cervical neuralgia, flat feet, and anxiety. Tr. 131-32. The applications were denied initially and upon reconsideration. Tr. 208-14, 217-24. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on March 18, 2020, Tr. 85-101, and issued an unfavorable decision on April 2, 2020. Tr. 17-28. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on September 17, 2020. Tr. 1-6. The ALJ's April 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 20, 2020. ECF No. 1.

## II.     STATEMENT OF FACTS

Plaintiff was born in 1985 and was 31 years old as of the alleged onset date. Tr. 131. She has a GED with some college courses, and has worked in the past in sales, home care providing, housekeeping, waitressing, fast food, customer service, and cashiering. Tr. 78-79, 310. She previously applied for disability benefits and was denied by an ALJ in February 2017. Tr. 102-24. She has alleged disability primarily based on pain, swelling in her feet, and migraines, resulting in pain and distraction and causing her to miss work unpredictably. Tr. 90-100.

## III.     STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed

only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If

a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On April 2, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At **step one**, the ALJ found Plaintiff had engaged in substantial gainful activity at times during the relevant period, but found there was a continuous 12-month period during which Plaintiff had not engaged in substantial gainful activity. Tr. 21.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: spinal disorder, ankle disorder, lower extremity vascular impairment, Ehlers-Danlos syndrome, obesity, attention deficit disorder, affective disorder, anxiety disorder, and substance use disorder. Tr. 22.

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform sedentary work with the following additional limitations:

> She can stand and/or walk for 15 minute intervals, for a total of two hours in an eight-hour workday. She cannot climb ladders, ropes, or scaffolding. She cannot crawl or kneel. She can occasionally climb ramps and stairs. She can frequently balance, stoop, and crouch. She can frequently reach, handle, and finger. She can occasionally interact with the public. She can remember, understand, and carry out instructions generally required by occupations with a specific vocational preparation (SVP) of two or less. She can adjust to work setting changes generally associated with occupations with an SVP of two or less.

Tr. 23.

At **step four**, the ALJ found Plaintiff was unable to perform any of her past relevant work. Tr. 27.

At **step five**, the ALJ found that, based on the testimony of the vocational expert at the prior hearing, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of document preparer, semi-conductor die loader, and semi-conductor wafer breaker. Tr. 28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. *Id.*

## VI.   ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly invoking the presumption of continuing non-disability; (2) failing to develop the record; (3) improperly evaluating medical opinion evidence; (4) failing to find conditions severe at step two; (5) failing to find Plaintiff disabled at step three; (6) improperly rejecting Plaintiff's subjective complaints; and (7) failing to conduct an adequate analysis at step five.

## VII.   DISCUSSION

**A.     Presumption of Continuing Non-Disability.**

Plaintiff previously applied for disability benefits in 2014 and was denied by an ALJ in an unfavorable decision issued February 1, 2017. Tr. 102-24. This prior unfavorable decision created a presumption of continuing non-disability, pursuant to *Chavez v. Bowen*, 844 F.2d 691, 693-94 (9th Cir. 1988) and Acquiescence Ruling 97-4(9). A claimant may overcome the presumption by showing changed circumstances indicating a greater disability. *Id.* Throughout the decision, the ALJ

found there was insufficient evidence to demonstrate a material change in Plaintiff's condition since the prior decision was issued.

Plaintiff argues the ALJ erred in applying the presumption, arguing updated medical evidence establishes worsening of existing impairments, new impairments, and contemporary medical source opinions, all constituting new and material evidence of changed conditions. ECF No. 19 at 9-12. She points to evidence of imaging studies and physical exams supporting her allegations of back pain, leg swelling and decreased strength, and various other conditions. *Id.* Defendant argues that Plaintiff's review of the objective medical evidence does not demonstrate that her conditions worsened in any way since the previous decision, or that the ALJ's findings and assessed limitations were inconsistent with the cited evidence. ECF No. 20 at 3-4.

The Court finds the ALJ did not err. As Defendant argues, the existence of objective evidence supportive of Plaintiff's conditions does not indicate that her conditions have worsened since the prior decision. The cited objective evidence supports the ALJ's findings that Plaintiff's conditions continue to be severe medically determinable impairments, but Plaintiff does not indicate how the evidence compels a finding of worsening of those condition or greater functional limitations to the point of rebutting the presumption of continuing non-disability established by the prior unfavorable decision.[2] The Court finds the ALJ did not err in applying the presumption and adopting the relevant findings from the prior decision.

---

[2] Indeed, the imaging cited by Plaintiff as showing worsening of her back condition, including possible nerve root encroachment, was actually from the earlier time period. Tr. 442, 481.

B. **<u>Plaintiff's Subjective Statements.</u>**

Plaintiff alleges the ALJ improperly disregarded her subjective symptom reports. ECF No. 19 at 19-20. It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

As discussed above, the ALJ found there was no new and material evidence of worsening of Plaintiff's conditions, and that he was adopting the RFC from the prior decision pursuant to *Chavez v. Bowen* and Acquiescence Ruling 97-4. Tr. 25. The ALJ therefore noted that he was not required to make a new evaluation regarding the consistency of Plaintiff's complaints because that was a subordinate finding encompassed by the prior RFC finding. *Id.* (*citing* AR 97-4 and HALLEX I-5-4-60). However, the ALJ did note that Plaintiff's reports of more swelling in her ankles and feet were not consistent with the record, that her allegations of disabling migraines were inconsistent with her minimal treatment for this condition and infrequent contemporaneous reports to providers, and that her ability to engage in college-level schoolwork and return to substantial gainful activity further supported a finding that her functioning had not deteriorated. *Id.*

Plaintiff argues the ALJ erred by simply adopting the prior findings, reiterating the arguments she raised with respect to the presumption of continuing non-disability. ECF No. 19 at 19-20. She further argues that the ALJ improperly rejected Plaintiff's reports on the basis of her activities, arguing that there was no inconsistency between her accommodated work and her allegations. *Id.* Defendant argues that the ALJ correctly found he was not required to make a finding regarding Plaintiff's reports, but that he nevertheless identified sufficient reasons for discounting Plaintiff's claims. ECF No. 20 at 13-16.

The Court finds the ALJ did not err. According to HALLEX I-5-4-60, when the presumption of continuing non-disability is not rebutted, the ALJ need not make "subordinate" findings regarding the reliability of a claimant's reports.[3] As discussed above, the ALJ reasonably found the presumption applied, and therefore was correct that he was not required to make any further findings regarding Plaintiff's reports.

Furthermore, the Court finds the ALJ's additional rationale constituted clear and convincing reasons for discounting Plaintiff's reports. Unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.

---

[3] HALLEX I-5-4-60 reads in relevant part:

> In order to make certain "required" findings, adjudicators may make "subordinate" findings. For example, in making a "required" finding regarding RFC, an adjudicator may make a "subordinate" finding concerning credibility. Pursuant to the *Chavez* AR, an adjudicator reviewing a subsequent claim must adopt a prior finding regarding RFC or any other "required" finding unless there is new and material evidence relating to that finding, or there has been a change in the law, regulations, or rulings affecting a finding or the method for arriving at the finding. Absent such new and material evidence or changes in legal requirements, the question of making a "subordinate" finding regarding credibility does not arise.

1989); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996). The ALJ reasonably found Plaintiff's allegations regarding debilitating migraines were at odds with her lack of treatment and infrequent contemporaneous reports of such problems in the medical records. An ALJ may also consider a claimant's activities in assessing the reliability of their reports. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). While Plaintiff's school and work activities may not have indicated an ability to engage in full-time competitive work, the ALJ's interpretation of this evidence as inconsistent with Plaintiff's allegations of worsening conditions was a rational interpretation. The Court finds the ALJ did not err in his assessment of Plaintiff's subjective reports.

C.  **Opinion Evidence.**

Plaintiff alleges the ALJ erred by improperly rejecting the opinion from Nurse Practitioner Ashley Christensen. ECF No. 19 at 14-15.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

Following an ER visit for left foot swelling, which was diagnosed as an ankle strain/sprain, NP Christensen complete a letter on January 5, 2020, excusing Plaintiff from work for the next week, and stated: "No lifting. Elevation as much as possible. Wear splint until seen for follow up. May attend her classes." Tr. 935-40, 965.

The ALJ addressed this letter along with several others, noting the opinions to be conclusory, only addressing temporary restrictions, and failing to identify any specific objective findings to support releasing Plaintiff from work. Tr. 26.

Plaintiff argues the ALJ provided little more than boilerplate findings in rejecting this opinion and argues that it supports Plaintiff's reports of swelling in her leg requiring her to elevate it as much as possible, which was not a temporary restriction. ECF No. 19 at 14-15. Defendant argues the ALJ reasonably considered the opinion and that his conclusion that it was a temporary restriction and without explanation was supported by substantial evidence. ECF No. 20 at 11. Defendant further notes that Plaintiff's argument about her ongoing need to elevate her legs is not supported by any medical opinions and notes that a few weeks after Ms. Christensen's opinion Plaintiff was released back to work with no restrictions. *Id.* at 12.

The Court finds the ALJ did not err. Ms. Christensen's opinion does not contain any explanation for the assessed limits, and indeed does not even indicate what diagnosis or dysfunction was the basis for the work release. Tr. 965. In context with the treatment records, it is clear that the restrictions were intended to be temporary, as Plaintiff was instructed on rest, ice, compression, and elevation for the sprain, and was instructed to follow up with her primary physician or a specialist if those measures did not help. Tr. 940. Plaintiff's arguments regarding her ongoing need to elevate her legs is not supported by this opinion, as it does not indicate a long-term restriction and Ms. Christensen had no longitudinal treatment relationship with Plaintiff. The ALJ's assessment is supported by substantial evidence.

**D.     Step Two.**

Plaintiff argues the ALJ erred at step two by failing to find any new severe impairments since the prior decision, pointing to evidence of degenerative disc

disease of the knees, occipital triggered migraines, SI joint arthritis, and lumbar degenerative disc disease. ECF No. 19 at 15-16.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 404.1520(a)(ii). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

Plaintiff's argument largely rests on the same arguments addressed above with respect to the presumption of continuing non-disability. The Court finds Plaintiff has not pointed to any additional evidence that indicates these impairments caused more than a minimal limitation on her ability to engage in work-related function, or were not already accounted for in the ALJ's step two findings and the RFC.

E.   **Step Three.**

Plaintiff argues the ALJ erred at step three by failing to find her disabled under listing 1.02 or 1.04. ECF No. 19 at 16-19.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each

Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Plaintiff again asserts the ALJ's analysis was faulty based on his failure to find no new and material evidence to rebut the findings of the prior unfavorable decision. ECF No. 19 at 17. She asserts the new imaging shows potential nerve root impingement, satisfying the requirements of Listing 1.04, and that new evidence of her slow/antalgic gait indicated the functional requirements of Listing 1.02 and 1.04 were met. *Id.* at 17-19. Defendant argues Plaintiff has not presented evidence that her conditions meet all the elements of any listing. ECF No. 20 at 6-7.

The Court finds the ALJ did not err. As has been discussed throughout this order, the ALJ did not err in finding the presumption of continuing non-disability applied. Furthermore, Plaintiff has not indicated how each of the elements of the Listings are met. The burden of proof is on the claimant to establish she meets or equals any of the impairments in the Listings. *See Tackett*, 180 F.3d at 1098. The ALJ did not err in adopting the findings of the prior unfavorable decision and in finding Plaintiff was not disabled at step three.

F.   **Development of the Record.**

Plaintiff argues the ALJ erred in failing to call a medical expert to testify at the hearing, noting the ALJ made errors in evaluating Plaintiff's leg swelling and her need to elevate her legs. ECF No. 19 at 12-14. Plaintiff asserts a medical expert would have testified regarding how Plaintiff's adherence to treatment could reduce her swelling, and argues that the need to elevate her legs would make her unable to sustain competitive work, something a vocational expert would have testified to. *Id.* Defendant argues the decision to call a medical expert is entirely discretionary, so the ALJ did not err in failing to have a medical expert testify. ECF No. 20

at 8-9. Defendant further argues the ALJ did not err in relying on the testimony of the vocational expert from the 2016 hearing, as Plaintiff's RFC and other employment-related factors had not changed. *Id.*

The obligation to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Ford v. Saul*, 950 F.3d 1141 (9th Cir. 2020); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Plaintiff has advanced no argument that the record was ambiguous or inadequate in some way, and the Court finds the ALJ relied on substantial evidence in making his findings. While Plaintiff advocates for additional testimony, she has not pointed to any legal authority that indicates such testimony was required. The Court finds the ALJ did not err.

**G.     Step Five.**

Plaintiff argues that the ALJ erred in his step five determination because the vocational testimony was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 19 at 20-21. Plaintiff's argument is based on successfully showing that the ALJ erred in his evaluation of Plaintiff's reports and the medical opinions or at one of the other steps of analysis. *Id*. Because the Court finds that the ALJ did not harmfully err in his assessment of the evidence, Plaintiff's argument is without merit.

## VII.    CONCLUSION

The Court has reviewed the record and the ALJ's findings and the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 6, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE